# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MAXWELL,              )
SANDRA MAXWELL,              )
      Plaintiffs,        )    Civil Action No. 14-85Erie
                             )
      v.                 )    Magistrate Judge Baxter
                             )
ADAPT APPALACHIA, LLC and    )
ADAPT ENERGY, INC., their successors )
And assigns,                 )
      Defendants.        )

## MEMORANDUM OPINION AND ORDER[1]

M.J. Susan Paradise Baxter

**A. Relevant Procedural History**

This case was originally filed in the Court of Common Pleas of Venango County, and it was removed to this Court by Defendants on the basis of diversity jurisdiction. Plaintiffs' Second Amended Complaint [ECF No. 23] is the operative complaint in this case.

This action arises out of the alleged breach of an agreement between Plaintiffs Robert Maxwell and Sandra Maxwell and Defendants Adapt Appalachia, LLC ("Adapt Appalachia") and Adapt Energy, Inc. ("Adapt Energy"). Defendants allegedly induced Plaintiffs to execute an oil and gas lease in their favor by offering to pay Plaintiffs a signing bonus in the amount of $94,281.00. According to Plaintiffs, they accepted Defendants' offer, complied with the terms of the offer and executed an oil and gas lease in Defendants' favor. Approximately seven months later, and after Defendants' obligation to pay Plaintiffs incurred, Defendants purported to

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 18, 20.

1

unilaterally cancel the agreement. Plaintiffs seek compensation for the sum due from Defendants pursuant to the agreement and for such equitable relief as specified. ECF No. 23. Plaintiffs raise three separate claims: Count I – breach of unilateral contract; Count II – Unjust Enrichment; and Count III – Equitable Estoppel[2]. These claims are pled in the alternative.

The allegations against each of the two corporate Defendants are less than precise. Plaintiffs aver that Defendants, Adapt Appalachia and Adapt Energy, are Texas corporations having the same business address, and according to Plaintiffs, any reference to "Adapt" in the Second Amended Complaint is intended to include both corporations. Id. at ¶ 4. Such a general reference is problematic in this case where the relationship between the two companies and their employees, as well as privity of contract and the intent of the parties to be bound, are at issue. The lack of clarity as to the relationship between Adapt Appalachia and Adapt Energy informs much of the legal analysis at this early stage of the proceedings.

Defendants, represented jointly, have filed a motion to dismiss under Rule 12(b)(6). ECF No. 24. Plaintiffs have filed a brief in opposition. ECF No. 27. This motion is fully briefed and is ripe for disposition by this Court.

### B. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12

---

[2] Plaintiffs acknowledge that the Equitable Estoppel claim is pled as a Promissory Estoppel claim. ECF No. 27, page 21 n.11.

(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

3

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

### C. Plaintiffs' Allegations

Due to the development of the Marcellus shale formation, producers and speculators flocked into the northwest Pennsylvania area seeking to lease rights to extract natural gas throughout the region. ECF No. 23, ¶ 9. Defendants, the Adapt corporations, acquired over one hundred oil and gas leases in Venango County, Pennsylvania. Id. at ¶ 11.

Plaintiffs are owners of an undivided 2/7 interest in and to the oil, gas and minerals in and under a certain piece of land containing approximately 100 acres situated in Cornplanter Township, Venango County, Pennsylvania. Id. at ¶ 12. As tenants in common with Plaintiffs, David and Sue Straub are the owners of an undivided 3/7 interest in and to the oil, gas and minerals in and under the same property. Id. at ¶ 13. The remaining 2/7 undivided interest is held as tenants in common with Plaintiffs by: Leo Mansfield, Rosemary Straub, J.R. Shantz, and the heirs of Sharon Raines, deceased. Id. at ¶ 14.

In April of 2012, Leo Mansfield informed Plaintiffs that "Adapt" was in Venango

County and was negotiating terms of an oil and gas lease with the Straubs. Mansfield told Plaintiffs that the Straubs were to receive a signing bonus from "Adapt" and referred Plaintiffs to Bryant McCrary, a representative of Adapt Energy, Inc. Id. at ¶ 15.

### 1) Count I – Breach of Contract

Plaintiffs spoke to McCrary about the possibility of leasing their property interest. Id. at ¶ 16. McCrary represented to Plaintiffs that he was a "landman for Adapt Energy, Inc.," a company leasing oil and gas properties in Venango County. McCrary explained that "Adapt" was paying a signing bonus of $3,300/acre and royalties of 18%. Id. at ¶ 17. McCrary told Plaintiffs that "Adapt" had "lots of money" to offer landowners as an inducement to get Plaintiffs to enter into a lease with "Adapt." Id. at ¶ 18. At no time did McCrary make any reference to Adapt Appalachia, LLC. Id. at ¶ 19.

Plaintiffs told McCrary that they agreed to lease their property interest to "Adapt" on the terms he offered. Id. at ¶ 20. Plaintiffs' agreement to the lease was based upon the signing bonus offered by "Adapt." Id. at ¶ 21. Plaintiffs reasonably believed that they were negotiating with Adapt Energy, Inc. based upon the representations made to them by McCrary. Id. at ¶ 22.

On May 16, 2012, Bryant McCrary sent an email to Plaintiff Robert Maxwell indicating that:

> I have completed filing [sic] out your Oil and Gas Lease. It includes an Order of Payment, Lease Memorandum and Oil and Gas Lease. All documents must be signed and notarized. Please give me a call if you have any questions about filling out the documents. I have attached a document that can be printed on legal and letter paper.

ECF No. 23-1, page 1. Plaintiffs allege that this email and the Payment Agreement (along with McCrary's prior verbal representations) constitute an offer to pay Plaintiffs in consideration for

5

the execution and delivery by Plaintiffs of three documents to "Adapt": 1) Payment Agreement, 2) Oil and Gas Lease, and 3) Memorandum of Oil and Gas Lease. ECF No. 23, ¶ 27.[3] The payment promised to Plaintiffs by the terms of the Payment Agreement represented a signing bonus that "Adapt" became obligated to pay to Plaintiffs in return for Plaintiffs' execution and delivery of the documents to "Adapt." Id. at ¶ 29.

On June 20, 2015, Plaintiffs executed, had notarized, and delivered to "Adapt" the Payment Agreement, the Oil and Gas Lease, and the Memorandum of Oil and Gas Lease[4]. Id. at ¶ 30. Plaintiffs believe that "Adapt" received these documents before July 1, 2012. Id. at ¶ 34. It is Plaintiffs' belief that "Adapt" became obligated to pay them $94,281.00 within forty days of receipt of these documents. Id. at ¶ 35. "Adapt" made no such payment to Plaintiffs. Id. at ¶ 36.

By letter dated February 20, 2013, Plaintiffs were informed that "the properties offered for lease were rejected." ECF No. 23, ¶ 37; ECF No. 23-1, page 16. The rejection letter further states that the "Order for Payment and proposed lease were contingent upon the subsequent inspection and approval of, among other things, the surface, geology, and title associated with the properties offered for lease." Id. The letter is on Adapt Energy letterhead and is signed by Trey Holotik of Adapt Energy. The address listed for Adapt Energy is 5949 Sherry Lane in

---

[3] The email is signed by "Bryant McCrary of Adapt Energy, Inc." at 2633 McKinney Avenue in Dallas, Texas. The email address is Bryant@adapt-energy.com and the subject line reads "Adapt Appalachia Oil and Gas Lease." A company logo for Adapt Energy appears in the lower left hand corner of the email. Id. The Payment Agreement lists Adapt Appalachia as the Lessee and lists the address of Lessee as 2633 McKinney Avenue in Dallas, Texas (the same address listed on the email of Bryant McCrary for Adapt Energy). ECF No. 23-1, page 2. Similarly, both of the other attached documents list Adapt Appalachia at the McKinney Avenue address as the lessee. Id. at pages 3, 5.

[4] The Memorandum of Oil and Gas Lease is also signed by Lorenzo Cola, in his capacity as an agent of Adapt Appalachia, and is notarized. ECF No. 23-1, page 4.

Dallas, Texas. Trey Holtik's email address is listed on the letter as Trey@adapt-energy.com. The subject line of the letter lists the lessee as Adapt Appalachia. Id.

### 2) Count II – Unjust Enrichment

In April of 2012, the Straubs executed an Oil and Gas Lease for their interest in favor of "Adapt," and a Memorandum of Oil and Gas Lease is recorded in the Venango County Recorder's Office. This lease purports to bind the entire interest in oil and gas in the subject premises, including the interest held by Plaintiffs. Id. at ¶ 48. Plaintiffs believe the Straubs executed a Payment Agreement at the same time. Id. at ¶ 49.

"Adapt" intended that the lease grant "Adapt" exclusive rights in the one hundred acres. Id. at ¶ 50. The Lease and Payment Agreement included proportionate reduction clauses that provided that if the Straubs did not have title to one hundred percent of the oil and gas in the land, payments would be made to the Straubs in proportion to the interest held by them. Id. at ¶ 51. "Adapt" mistakenly determined that the Straubs held an undivided 4/7 interest and paid them $188,571.40 (based on $3300/acre) for their interest. Id. at ¶ 52.

"Adapt," having wrongfully acquired from the Straubs the exclusive right to the oil and gas in the subject premises without having paid all owners, no longer required a lease from the remaining fractional interest holders and chose not to enter into any additional leases. Id. at ¶ 53. Plaintiffs believe "Adapt" effectively paid $188,571.40 for the exclusive rights to the property, instead of $330,000.00 (based on $3300/acre for 100 acres) resulting in a savings to "Adapt" of $141,428.60. Id. at ¶¶ 54-55.

"Adapt" "accepted and received a benefit, in the form of color of title to Plaintiff's interest in the oil and gas in and under the subject premises, without any corresponding benefit

7

conferred on Plaintiffs. Id. at ¶ 56. "Adapt's" interest in the property was transferred to Halcon Energy Properties, Inc. by assignment in June of 2012, and recorded in the Venango County Recorder's Office, which precludes Plaintiffs from the possibility of leasing their interest. Id. at ¶¶ 57-58. Plaintiffs allege that for "Adapt" to retain the right to develop oil and gas "without compensating Plaintiffs for their share of the full market value thereof is inequitable and injurious to Plaintiffs." Id. at ¶ 61.

### 3) Estoppel

Plaintiffs allege that Defendants' promise to pay the amount of $94,281.00 was made to and did in fact induce them to execute an oil and gas lease in their favor. Id. at ¶ 65. Defendants unilaterally canceled the agreement seven months later. Id. at ¶ 66. Defendants' willful failure to act, for seven months, caused Plaintiffs to believe they had entered into a valid oil and gas lease with Defendants, thereby precluding them from marketing their interest to other parties. Id. at ¶ 67.

### D. Privity

Defendants argue that the **claims against Adapt Energy** should be dismissed because there is no privity of contract between Adapt Energy and Plaintiffs. In other words, Plaintiffs bargained with Adapt Appalachia only.

Generally, an entity cannot become liable for a breach of contract when that entity was not a party to the contract. Zeno v. Ford Motor Co., Inc., 238 F.R.D. 173, 192 (W.D. Pa. 2006) (internal citation omitted). "Privity of contract exists when there is a connection or relationship which exists between two or more contracting parties." Id. However, an agency relationship

may excuse the general requirement of privity. Id. Under Pennsylvania law, a contract made by an agent, acting within the scope of his delegated authority, may be considered a contract with the principal. Fairmont Supply Co. v. Cressman Tubular Products Corp., 2011 WL 1327416, at *3 (W.D. Pa. 2011) citing O'Donnell v. Union Paying Co., 121 Pa.Super. 68 (Pa. Super. 1936). This authority may be "implied or inferred from the words used, from customs and from the relations of the parties." Poskin v. TD Banknorth, N.A., 687 F.Supp.2d 530, 545 (W.D. Pa. 2009) citing RESTATEMENT (SECOND) OF AGENCY § 7, cmt. c (1958). See also Crowe Ins. Agency Inc. v. Insurers Nat'l Search Organization Inc., 1984 WL 2734 (Pa.C.P. 1984) citing Scott v. Purcell, 490 Pa. 109 (1980).[5]

Here, Plaintiffs have alleged that:

- McCrary represented himself as a "landman for Adapt Energy" (¶ 17);

- McCrary told Plaintiffs his company had "lots of money" to offer landowners as an inducement to enter into a lease with "Adapt" (¶ 18);

- McCrary explained that "Adapt" was paying a signing bonus of $3300/acre, with royalties of 18%, and that the term of the lease with "Adapt" would be for a period of five years with an option to extend the lease by an additional five years (¶ 17);

- Plaintiffs told McCrary they were agreeable to the terms he proposed (¶ 20);

- Plaintiffs reasonably believed that they were negotiating with Adapt Energy, Inc., based upon McCrary's representations to them (¶ 22);

- After agreeing to the terms proposed McCrary, McCrary emailed Plaintiffs on May 16, 2012 stating: "I have completed filing [sic] out your Oil and Gas Lease. It includes an Order of Payment, Lease Memorandum and Oil and Gas Lease. All documents must be signed and notarized. Please give me a call if you have any questions about filling out the documents. I have attached a

---

[5] "[I]t is not necessary … to furnish direct evidence of the specific authority, if it can be reasonably inferred from the circumstances of the case, such as the relation of the parties to each other and their conduct with reference to the subject matter of the contract, that there was at least an implied intention to create the relationship of principal and authority." Scott, 490 Pa. at 117 n.8.

document that can be printed on legal and letter paper." (¶ 25; ECF No. 23-1, page 1). The written terms as to the amount of signing bonus and royalties, length of term of lease, and option to extend reflect the same terms proposed by McCrary in discussion with Plaintiffs.

Furthermore, the May 16th email is signed by "Bryant McCrary of Adapt Energy, Inc." at 2633 McKinney Avenue in Dallas, Texas, and the email address is Bryant@adapt-energy.com. The subject line of the email reads "Adapt Appalachia Oil and Gas Lease" and a company logo for Adapt Energy appears in the lower left hand corner of the email. Id. The Payment Agreement lists Adapt Appalachia as the Lessee and lists the address of Lessee as 2633 McKinney Avenue in Dallas, Texas (the same street address listed on the email of Bryant McCrary for Adapt Energy). ECF No. 23-1, page 2. Likewise, both the Memorandum of Oil and Gas Lease and the Paid Up Oil and Gas Lease list Adapt Appalachia of the McKinney Avenue address as the lessee. Id. at pages 3, 5.

By letter dated February 20, 2013, Plaintiffs were informed that "the properties offered for lease were rejected." ECF No. 23, ¶ 37; ECF No. 32-1, page 16. The letter is on Adapt Energy letterhead and is signed by Trey Holotik of Adapt Energy. The address listed for Adapt Energy is 5949 Sherry Lane in Dallas, Texas. Trey Holtik's email address is listed as Trey@adapt-energy.com. The subject line of the letter lists the lessee as Adapt Appalachia. Id.

The burden of establishing agency rests upon the party asserting it. Scott, 490 Pa. at 117 n.8, citing Girard Trust Bank v. Sweeny, 426 Pa. 324 (1967). Although a plaintiff seeking to show an agency relationship faces an "uphill battle," the inquiry is fact-specific. Zeno, 480 F.Supp.2d at 846. The issue of whether an agency relationship exists is decided on the facts of each case.

The factual allegations, along with the exhibits attached to the complaint, viewed in the light most favorable to the Plaintiffs, are sufficient to raise the inference of a principal/agent relationship between Adapt Appalachia and Adapt Energy to defeat a motion to dismiss. See RESTATEMENT (SECOND) OF AGENCY § 7, cmt. d (1958) ("The fact that the third person with whom the agent deals on account of the principal has no knowledge of the manifestations of the principal, or even of the principal's existence, does not prevent the agent from having authority to make the principal a party to the transaction in accordance with his instructions.").

The parameters of the relationship between the two corporations and their employees will be the subject of discovery. Following discovery, privity may be reasserted in a motion for summary judgment.

**E. Count I – Breach of Unilateral Contract**

Next, Defendants move for dismissal of the breach of contract claim arguing there was no contract because 1) Defendants made no offer to Plaintiffs and 2) Defendants rejected Plaintiffs' offer.

"The burden of proving the existence of a contract lies with the party relying on its existence." Guzzi v. Morano, 2013 WL 4042511, at *11 (E.D.Pa., 2013) quoting Edmondson v. Zetusky, 674 A.2d 760, 764 (Pa. Commw.Ct. 1996). Under Pennsylvania law[6], in order to state a claim for breach of contract, a plaintiff must allege: 1) the existence of a contract, including its essential terms, 2) a breach of duty imposed by the contract, and 3) resultant damages. Ware v.

---

[6] Pennsylvania oil and gas leases are governed by general principles of contract interpretation. Smith v. Steckman Ridge, LP, 2014 WL 1278120, at *4 (W.D. Pa. 2014) citing T.W. Phillips Gas & Oil Co. v. Jedlicka, 42 A.2d 462, 468-69 (Pa. 2006).

Rodale Press, Inc., 322 F.3d 218, 255 (3d Cir. 2003) quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa.Super.Ct. 1999).

The essential terms to a contract include "an offer, acceptance, consideration, and/or mutual agreement." HearBest, Inc. v. Adecco USA, 2014 WL 7183478, at *5 (W.D. Pa. 2014) (internal citation omitted).[7] The first element, mutual intent to be bound by an agreement, usually manifests as " 'an offer or proposal by one party followed by an acceptance by the other party.' " Guzzi, 2013 WL 4042511, at *11, quoting Bayliss-Allen v. Cadence Design Sys., Inc., 2000 WL 1156857, at *4 (E.D. Pa. 2000). In ascertaining intent, the inquiry focuses on "the intent a reasonable person would apprehend in considering the parties' behavior." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 582 (3d Cir. 2009). "A contract exists if a party's overt actions suggest its existence and provide evidence on which a reasonable jury could find the party manifested his intent to form the contact." Ingrassia Const. Co., Inc. v. Walsh, 486 A.2d 478, 483 (Pa.Super.Ct. 1984).

Plaintiffs allege that McCrary's May 16th email to Robert Maxwell and the Payment Agreement (along with McCrary's prior verbal representations) constitute an offer. ECF No. 23, ¶ 27. Defendants argue that McCrary's email was not an offer, but instead was Adapt Appalachia's "expressed willingness to bargain with Plaintiffs." ECF No. 25, page 11.

Taking the allegations in the light most favorable to Plaintiffs, the Court must determine whether the email and attachments from McCrary (who allegedly identified himself as a "landman for Adapt Energy") to Plaintiffs were a manifestation of "Adapt's" (meaning both Adapt Energy and Adapt Appalachia) intent to bind themselves. While the email indicates

---

[7] "It is black letter law that in order to form an enforceable contract, there must be an offer, acceptance, consideration or mutual meeting of the minds." Creghan v. Procura Management, Inc., 2015 WL 1033798, at *8 (E.D. Pa. 2015) quoting Jenkins v. County of Schuykill, 658 A.2d 380, 383 (Pa.Super.Ct. 1995).

McCrary was an Adapt Energy employee, the attachments purport to be made on behalf of Adapt Appalachia. Plaintiffs allege that Adapt Appalachia was never mentioned. Without any allegations as to the relationship between Adapt Appalachia and Adapt Energy or McCrary's authority to undertake business for Adapt Appalachia, no determination of either Defendant's intent can be made.

### F. Count II – Unjust Enrichment

Next, Defendants move for dismissal of Plaintiffs' unjust enrichment claim based upon the failure to state a claim.

Plaintiffs allege that "Adapt" wrongfully acquired from the Straubs the exclusive right to the oil and gas in the subject premises without having paid all the rightful owners of those interests. ECF No. 23, ¶ 53.

"To prevail on an unjust enrichment claim in Pennsylvania, a plaintiff must demonstrate the following elements: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of such benefit by the defendant; and (3) acceptance and retention of such benefit under circumstances such that it would be inequitable for the defendant to retain the benefit without payment to the plaintiff." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 273 (3d Cir. 2010) citing AmeriPro Search, Inc. v. Fleming Steel Co., 787 A.2d 988, 991 (Pa.Super.Ct.2001). The "benefit" must be conferred by the plaintiff directly— indirect benefits bestowed by third parties will not support a claim of unjust enrichment. Schmidt v. Ford Motor Co., 972 F.Supp.2d 712, 721-22 (E.D. Pa. 2013) citing Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc., 1992 WL 365512, at *16 (E.D. Pa.1992).

Here, the alleged benefit was conferred upon Defendants by a third party, the Straubs. Accordingly, Plaintiffs have failed to state a claim for unjust enrichment and the motion to dismiss should be granted as to Count II.

### G. Count III – Estoppel

Defendants move for dismissal of Count III based upon Plaintiffs' failure to state an Equitable Estoppel claim. In their opposition brief, Plaintiffs acknowledge that although Count III is entitled as a claim for Equitable Estoppel, it is actually pled as one for promissory estoppel. ECF No. 27, page 21 n.11. Accordingly, the motion to dismiss should be denied.

### H. Attorneys' Fees

Finally, Defendants move for dismissal of Plaintiffs' request for attorneys' fees, based upon Plaintiffs' failure to support such a request with any statutory or contractual authority. Plaintiffs do not respond to this argument in their opposition brief.

Accordingly, the motion to dismiss will be granted in this regard.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MAXWELL, | ) | |
| SANDRA MAXWELL, | ) | |
|     Plaintiffs, | ) | Civil Action No. 14-85Erie |
| | ) | |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| ADAPT APPALACHIA, LLC and | ) | |
| ADAPT ENERGY, INC., their successors | ) | |
| And assigns, | ) | |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 30th day of March, 2015;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 24] is granted in part and denied in part as follows:

- Denied as to Count I, with amendment permitted in accordance with this opinion;

- Granted as to the unjust enrichment claim at Count II;

- Denied as to the promissory estoppel claim at Count III; and

- Granted as to the Plaintiffs' request for attorneys' fees.

An initial scheduling order will be issued separately.

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge